**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERICA DAVIS,

Plaintiff,

v. Case No. 8:26-cv-1558-TPB-LSG

GEICO INDEMNITY CO.,

Defendant.
_______________________________________/

**ORDER DENYING "DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS"**

This matter is before the Court on "Defendant's Motion for Partial Judgment on the Pleadings," filed by Defendant GEICO Indemnity Co. on August 26, 2026. (Doc. 23). Plaintiff Erica Davis filed a response in opposition on September 16, 2026. (Doc. 28). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

This case arises out of Plaintiff Erica Davis's termination from GEICO in December 2024. Plaintiff began working for GEICO in 2017 and was promoted from claims adjuster to senior licensing manger by November 2022. Before July 2024, she had consistently received strong performance reviews and had not been

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions for judgment on the pleadings. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("[W]e accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party.").

advised of any concerns. In July 2024, she began reporting to Scott Stephens, senior director of underwriting.

According to Plaintiff, Stephens made several unusual comments at their first in-person meeting. He volunteered that he had previously defended himself against a racial discrimination claim and had been recommended for termination based on allegations involving employees of another race. Stephens began closely scrutinizing Plaintiff's work and criticizing her department.

On November 19, 2024, Stephens told Plaintiff that Defendant intended to post a director position, and she would not be selected. He also told Plaintiff to "speak to her husband" about his decision. Three days later, Stephens confirmed that Plaintiff's position would be eliminated. Plaintiff contacted human resources, where two employees told her they were unaware of Stephens's plans. After human resources contacted Stephens, he denied that he told Plaintiff her position would be eliminated.

On November 25, 2024, Plaintiff submitted an internal complaint asserting race, gender, and age discrimination. She later applied for the director position but was not interviewed. In December 2024, Defendant began transitioning Plaintiff out of the company, and Plaintiff learned that Stephens had rated her a two out of five on her annual performance evaluation, substantially below her previous ratings. Defendant ultimately selected Shannell McEachin, a Black woman whom Plaintiff alleges was of similar age and whom Defendant alleges was older than Plaintiff.

On April 20, 2026, Plaintiff filed a complaint in the Tenth Judicial Circuit Court in and for Polk County, Florida. Plaintiff asserts claims under the Florida Civil Rights Act ("FCRA") for race, gender, and age discrimination and retaliation (Counts I, II, III, and IV), as well as FMLA claims (Count V). The case was removed to the Middle District of Florida on May 26, 2026. GEICO answered and now moves for judgment on the pleadings as to Counts I-IV.

**Legal Standard**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *Rhodes v. First Advantage Background Servs. Corp.*, No. 6:22-cv-2399-RBD-RMN, 2024 WL 1526155, at *4 (M.D. Fla. Mar. 5, 2024). Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *See Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). The court must also consider the answer and any documents attached as exhibits. *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham*, 592 F.3d at 1255 (internal quotation omitted).

**Analysis**

Defendant argues that it is entitled to judgment as a matter of law because Plaintiff's pleadings, even if taken as true, fail to establish a prima facie case of discrimination under the *McDonnell Douglas* framework given that the individual selected for the director position was also a Black female and was of a similar age.[2] But the *McDonnell Douglas* framework is an evidentiary standard, not a pleading requirement. *Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *3-4 (11th Cir. Sept. 5, 2024) (per curiam); *Tynes v. Fla. Dept. of Juvenile Justice*, 88 F.4th 939, 944-55 (11th Cir. 2023); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Plaintiff therefore need only allege sufficient facts to plausibly suggest intentional discrimination. *See id*. And the selection of an individual within the same protected class does not, standing alone, foreclose a discrimination claim. *See Wright v. Southland Corp.*, 187 F.3d 1287, 1292 (11th Cir. 1999) (observing that *McDonnel Douglas* elements are "neither necessary nor sufficient to establish discrimination" and that a plaintiff may establish discrimination despite being replaced by someone of the same race).

As to race, Plaintiff alleges that Stephens volunteered during their first in-person meeting that he had previously defended himself against a racial discrimination claim and had been recommended for termination based on allegations involving employees of another race. She further alleges that Stephens subsequently scrutinized her work, decided before she applied that she would not be

[2] *McDonnell Douglas*, 411 U.S. 792 (1973).

selected for the director position, and later denied telling her that her position would be eliminated. Taken together and viewed in Plaintiff's favor, these allegations plausibly suggest discriminatory intent. The selection of another Black employee does not compel a different conclusion at this stage.

Plaintiff has likewise plausibly alleged gender discrimination. During the same conversation in which Stephens told Plaintiff that she would not be selected for the director position, he allegedly advised her to "speak to her husband" about his decision. Viewed in Plaintiff's favor, this statement could plausibly reflect a gender-based stereotype. The selection of another woman does not foreclose Plaintiff's claim at the pleading stage.

Plaintiff's age discrimination claim presents a closer question. Plaintiff identifies no age-related statement by Stephens, and Defendant asserts that McEachin was older than Plaintiff. Those facts may ultimately undermine Plaintiff's ability to prove age discrimination, but they do not establish Defendant's entitlement to judgment as a matter of law at this stage. Plaintiff alleges that she was over forty, had consistently received strong performance reviews before Stephens became her supervisor, and was later subjected to adverse actions. On the pleadings, Count III survives.

Defendant separately argues that Plaintiff's retaliation claim fails because she did not complain of discrimination until November 25, 2024, after Stephens had told her that she would not be selected for the director position and that her position would be eliminated. Defendant is correct that Plaintiff's protected activity

could not have caused decisions made before that activity. But Plaintiff alleges additional conduct after her complaint – she applied for the director position but was not interviewed or selected, Defendant began transitioning her out of the company, she received a substantially lower performance rating, and Stephens told others she had been terminated when she remained employed. At this stage, the Court cannot resolve the competing inferences concerning the timing and motivation for Defendant's actions in Defendant's favor.

Consequently, Defendant has not established that it is entitled to judgment as a matter of law as to Counts I through IV. Defendant may renew its arguments, if appropriate, on a more fully developed record at the summary judgment stage.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion for Partial Judgment on the Pleadings" (Doc. 23) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE